UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
at KNOXVILLE

IN RE: JONATHAN LEE RICHES[1],    No. 3:11-cv-53

## MEMORANDUM AND ORDER

The court is in receipt of a *pro se* prisoner's civil rights complaint under 42 U.S.C. § 1983, which the Clerk is **DIRECTED** to file as of the date the motion was received. Under the Prison Litigation Reform Act of 1995 (PLRA), a prisoner who files a complaint in a district court must tender the full filing fee *or* he must file (1) an application to proceed *in forma pauperis* without prepayment of fees *and* (2) a certified copy of his inmate trust account for the previous six-month period. 28 U.S.C. § 1915(a)(2). Plaintiff has not paid the $350.00 filing fee nor has he submitted the proper documents to proceed *in forma pauperis*.

---

[1] In addition to Jonathan Lee Riches, the complaint bears the names and purported signatures of three additional plaintiffs. Jonathan Lee Riches is a federal prisoner who was convicted of wire fraud and is well known to the federal court system, having filed over one thousand lawsuits in federal district courts across the country. Among his many federal filings, for example, Riches has attempted to file several lawsuits in the federal courts in this district on behalf of himself and Bernard Madoff. *See Jonathan Lee Riches a/k/a Bernard Madoff d/b/a Bernie Madoff v. Alice in Wonderland, et al.*, Civil Action No. 1:10-mc-10 (E.D. Tenn.); *Jonathan Lee Riches d/b/a Bernard Madoff v. Vanessa Minnillo*, et al., Civil Action No. 4:09-cv-50 (E.D. Tenn.); *Bernard Madoff d/b/a Jonathan Lee Riches a/k/a Arthur Nadel v. Barron's, et al.*, Civil Action No. 4:09-cv-48 (E.D. Tenn.). It is obvious to this court that Riches is the actual plaintiff in this action.

In addition, pursuant to the PLRA, a prisoner cannot bring a new civil action or appeal a judgment in a civil action *in forma pauperis* if he has, three or more times in the past, while incarcerated, brought a civil action or appeal in federal court that was dismissed because it was frivolous, malicious, or failed to state a claim upon which relief may be granted. The only exception is if the prisoner is in "imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

While incarcerated, plaintiff has had at least three prior civil rights actions dismissed as frivolous or for failure to state a claim for relief. *See, e.g., Jonathan Lee Riches v. Gregg Hughes, et al.*, Civil Action No. 0:08-cv-085 (E.D. Ky. June 16, 2008) (order dismissing case and noting Riches' numerous abusive filings in the federal courts). Plaintiff does allege that he is in imminent danger; plaintiff's claim of danger, however, is ludicrous. Thus, in order to file this action, plaintiff must prepay the entire $350.00 filing fee.

Plaintiff shall have thirty (30) days from the date of this Memorandum and Order to pay the full filing fee. If plaintiff fails to pay the full filing fee, his complaint shall be filed for the purpose of making a record and for statistical purposes only, and will be dismissed without prejudice pursuant to the three-strike rule of 28 U.S.C. § 1915(g).

**ENTER:**

    s/ Thomas W. Phillips
United States District Judge

2